IN THE UNITED DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, NATIONAL STABLIZATION AGREEMENT OF THE SHEET METAL INDUSTRY TRUST FUND, et al., ) ) ) ) ) ) Plaintiffs, ) v. ) 5 STARR SERVICE AND ) CONSTRUCTION, LLC, ) ) Defendant. ) ) | Civil Action No. 1:15-cv-403-LMB-MSN |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Docket no. 9) against Defendant 5 Starr Service and Construction, LLC. Having reviewed Plaintiffs' Memorandum of Law in Support and the exhibits attached thereto, the Magistrate Judge recommends that default judgment be entered against Defendant in the total amount of $40,338.60.

**I.      Background**

On March 23, 2015, Plaintiffs filed this action against 5 Starr Service and Construction, LLC, for failure to pay contributions pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (Docket no. 1) ("Compl."). The Defendant was served with a copy of the Complaint on April 9, 2015. (Docket no. 5).

Defendant has not entered an appearance and has not answered or otherwise responded to the Complaint, and, on May 11, 2015, the Clerk entered the default of Defendant. (Docket no. 8). On May 22, 2015, Plaintiffs filed the instant Motion for Default Judgment. On May 29, 2015, no representative for Defendant appeared at the hearing on this Motion, and the undersigned Magistrate Judge took the matter under advisement.

**II.     Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint). Here, as 5 Starr Service and Construction, LLC, has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

**III.    Jurisdiction and Venue**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)(2) and venue pursuant to 28 U.S.C. § 1391 are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions

giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV.   Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of Plaintiffs' Motion for Default Judgment.

Plaintiffs, the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' National Pension Fund ("NPF"), and the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), (collectively, "ERISA Funds"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") are trust funds created and maintained pursuant to the LMRA, 29 U.S.C. § 186(c), and employee benefit plans as defined by ERISA, 29 U.S.C. § 1002. Compl. ¶¶ 4-10. The funds are administered in Fairfax, Virginia. Compl. ¶ 8.

Defendant 5 Starr Service and Construction, LLC, is an Ohio limited liability company and an "employer in an industry affecting commerce" as defined by the LMRA, 29 U.S.C. § 152(2), (6)-(7), and ERISA, 29 U.S.C. § 1002(5), (11)-(12). Compl. ¶ 14. Defendant employs members of the International Association of Sheet Metal, Air, Rail and Transportation Workers, f/k/a Sheet Metal Workers' International Association, Local Union No. 33 ("Local Union No. 33"), a labor organization representing employees for the purpose of collective bargaining. Compl. ¶ 15 & Ex. 1. At all times relevant to this action, Defendant was party to a collective bargaining agreement ("Labor Contract") with Local Union No. 33. Compl. ¶ 16. Defendant also agreed to abide by the terms of the agreements and declarations of trust ("Trust Agreements") of the ERISA Funds. Compl. ¶ 17.

Under the Labor Contract, Trust Agreements, and rules and regulations adopted by the funds, Defendant agreed to make full and timely monthly payments to Plaintiffs and to file monthly remittance reports detailing all employees or work for which contributions were required under the Labor Contract. Compl. ¶ 18. Completed remittance reports and accompanying payments are due by the twentieth day after the end of the month during which covered work was performed and are delinquent if received thereafter. Compl. ¶ 20. During the period of June 2014 through January 2015, Defendant employed persons for whom contributions were due but failed to submit the required remittance reports and contribution payments to Plaintiffs. Compl. ¶¶ 26, 30, & Ex. 2.

Through the instant action, Plaintiffs seek to enforce their collective bargaining agreement and the terms of the incorporated trust documents under ERISA (Count I) and the LMRA (Count II). Plaintiffs request damages for Defendant's failure to make full and timely contributions in an amount equal to all unpaid contributions, pre- and post-judgment interest, liquidated damages, injunctive relief, and attorneys' fees and costs.

## V. Discussion and Findings

Pursuant to ERISA, 29 U.S.C. § 1145, employers are required to comply with their obligations to multiemployer plans by making contributions in accordance with the terms and conditions of the plan or collective bargaining agreement. To enforce this section, ERISA, 29 U.S.C. § 1132, allows for the recovery of delinquent contributions and damages in federal court. Similarly, the LMRA, 29 U.S.C. § 185(a), provides a federal cause of action for breach of a collective bargaining agreement without regard to the amount in controversy or citizenship of the parties. This provision provides a separate basis for relief apart from the enforcement provision of ERISA, which was "intended to supplement rather than supersede the

rights existing under [the LMRA, ]29 U.S.C. § 185(a)." *Bugher v. Feightner*, 722 F.2d 1356, 1359 (7th Cir. 1983).

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that Defendant violated its contractual and statutory obligation to Plaintiffs by failing to make contributions for the period of June 2014 through January 2015. Defendant's failure to make contributions pursuant to the Labor Contract and Trust Agreements violates the LMRA and ERISA, 29 U.S.C. §§ 185 and 1145, and Plaintiffs are therefore entitled to default judgment in their favor and damages as follows.

### A. Unpaid Contributions, Interest, and Liquidated Damages

Plaintiffs are entitled to statutory and contractual damages. Under the terms of the Labor Contract, Trust Agreements, and rules and regulations adopted by the funds, delinquent employers must pay (1) pre- and post-judgment interest on all delinquent contributions at a rate of 0.0233% per day compounded daily, or 8.5% annually, from the date due until the date paid; (2) pre-litigation liquidated damages, or late fees, on contributions paid prior to litigation but more than five days late, equal to the greater of ten percent of all late contributions or $50.00[1]; (3) post-litigation liquidated damages equal to the greater of accrued interest or twenty percent of all delinquent contributions; and (4) all reasonable attorneys' fees and costs incurred in the collection of delinquent contributions. Shaw Decl. ¶¶ 9-10 (Docket no. 10-3); Labor Contract (Docket no. 10-13); NPF Trust Agreement Art. V, Sec. 2 (Docket no. 10-4); NPF Collection Procedures Sec. III (Docket no. 10-5); SASMI Rules & Regulations Art. II-III (Docket no.

---

[1] Under SASMI Rules & Regulations, late fees are always calculated at the flat ten-percent rate.

10-6). If a compliance audit reveals insufficient contributions were made, a delinquent employer may also be required to pay all audit fees and expenses incurred by the funds. NPF Trust Agreement Art. V, Sec. 3; NPF Collection Procedures Sec. III(D).

Under ERISA, similar amounts may be awarded as statutory damages. The relevant damages provision provides for interest at the plan rate, liquidated damages as provided for under the plan, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g). Interest is "determined by using the rate provided under the plan" and liquidated damages are calculated as "provided for under the plan in an amount not in excess of 20 percent." 29 U.S.C. § 1132(g). Therefore, the plan 8.5% interest rate and "safe harbor" 20% liquidated damages rate applies to both Plaintiffs' ERISA and LMRA claims. However, § 1132(g) does not provide for contractual audit fees or pre-litigation liquidated damages, and post-judgment interest accrues at the lower statutory rate established under 28 U.S.C. § 1961.

In support of their request for damages, Plaintiffs submit the Declaration of Walter Shaw, Billing and Eligibility Manager for the National Pension Fund. (Docket no. 10-3) ("Shaw Decl."). Based on his review of the funds' records, Trust Agreements, NPF Collection Procedures, and SASMI Rules and Regulations, Mr. Shaw attests that Defendant owes Plaintiffs at least $33,437.06 for the period of June 2014 through January 2015, including contributions totaling $23,654.29, interest totaling $1,202.45, and audit fees of $1,470.00. Shaw Decl. ¶¶ 9-10.

Having reviewed the record, the Magistrate Judge finds that Defendant owes the following amounts, exclusive of legal fees, with post-judgment interest continuing at the plan rate of 8.5%, pursuant to the Labor Contract and the LMRA, 29 U.S.C. §185:

| Fund | Contributions | Interest to 3/18/15 | Liquidated Damages | Audit and Late Fees | Per Fund Total |
|---|---|---|---|---|---|
| *NPF* | $20,661.53 | $1,073.03 | $4,132.32 | $3,698.49 | **$29,565.37** |
| *ITI* | $231.49 | $21.73 | $46.30 | $82.61 | **$382.13** |
| *NEMIC* | $57.86 | $5.44 | $11.58 | $20.66 | **$95.54** |
| *SMOHI* | $38.60 | $3.64 | $7.72 | $13.77 | **$63.73** |
| *SASMI* | $2,664.81 | $98.61 | $532.97 | $33.90 | **$3,330.29** |
| **Total** | **$23,654.29** | **$1,202.45** | **$4,730.89** | **$3,849.43** | **$33,437.06** |

(Docket no. 10-7) ("Calculation Summary – Contract").  NPF is entitled to recover audit fees of $1,470.00 for the audit conducted on January 16, 2015, by Calibre CPA Group PLLC. Compl. Ex. 2.

Plaintiffs also have a separate yet overlapping claim for relief under ERISA, 29 U.S.C. § 1145.[2]  Pursuant to ERISA, 29 U.S.C. § 1132, the Magistrate Judge finds that the ERISA Funds are entitled to overlapping statutory damages as follows, with post-judgment interest accruing according to 28 U.S.C. § 1961:

| Fund | Contributions | Interest to 3/18/15 | Liquidated Damages | Per Fund Total |
|---|---|---|---|---|
| *NPF* | $20,661.53 | $1,073.03 | $4,132.32 | **$25,866.88** |
| *ITI* | $231.49 | $21.73 | $46.30 | **$299.52** |
| *SASMI* | $2,664.81 | $98.61 | $532.97 | **$3,296.39** |
| **Total** | **$23,557.83** | **$1,193.37** | **$4,711.59** | **$29,462.79** |

(Docket no. 10-8) ("Calculation Summary – ERISA").  Plaintiffs are accordingly entitled to recover a total of $33,437.06, exclusive of legal fees, under both Count I and Count II.

---

[2] Plaintiffs seek to preserve this claim in the event of any error or defect in any judgment awarded pursuant to the Labor Contract.  Mem. Supp. Mot. Default J. 14 (Docket no. 10).

7

### B. Injunctive Relief

Plaintiffs further request injunctive relief requiring Defendant to file complete and accurate remittance reports with accompanying contributions for all periods to date. The Magistrate Judge recommends that such relief be granted and that Defendant be ordered to complete and submit to Plaintiffs, within twenty days of the entry of a final order in this matter, any and all outstanding remittance reports with all required information. This shall include the name and social security number of each employee, the hours worked, wages paid, and contributions owed for that month, together with a check for the full amount of contributions owed.

### C. Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of Maureen W. Marra and the exhibits attached thereto establish that Plaintiffs have incurred $6,901.54 in attorneys' fees and costs in connection with this matter, $6,324.50 and $577.04 respectively, through May 21, 2015:

| Attorneys' Fees | | | |
|---|---|---|---|
| **Position** | **Rate** | **Hours** | **Fee** |
| *Paralegal* | $80.00 | 1.20 | $96.00 |
| *Associate* | $195.00 | 30.70 | $5,986.50 |
| *Shareholder* | $220.00 | 1.10 | $242.00 |
| **Total** | | **33.00** | **$6,324.50**[3] |

---

[3] In their Motion, Plaintiffs seek $8,371.54 in attorneys' fees, apparently combining the litigation costs and the cost of the audit conducted on January 16, 2015. The Magistrate Judge does not recommend that these two awards be combined as it would result in greater statutory damages under Count I than permitted by ERISA.

| Legal Costs | |
|---|---|
| *Complaint Filing Fee* | $400.00 |
| *Service Fee* | $125.00 |
| *Photocopies* | $16.87 |
| *Postage/Delivery* | $35.17 |
| **Total** | **$577.04** |

(Docket no. 10-9) ("Marra Decl."); (Docket no. 10-10) ("Time & Expense Details"). The Magistrate Judge has examined the record and finds these amounts reasonable compensation for work necessarily expended to enforce Plaintiffs' rights.

If further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

Accordingly, the Magistrate Judge recommends that Plaintiffs be awarded a total of $40,338.60 in damages against Defendant as follows:

| **Summary of Recommended Damages Award** | |
|---|---|
| Delinquent Contributions | **$23,654.29** |
| Interest through 3/18/15 | **$1,202.45** |
| Late Fees | **$2,379.43** |
| Liquidated Damages | **$4,730.89** |
| Attorneys' Fees & Costs | **$6,901.54** |
| Audit Fees | **$1,470.00** |
| **Total** | **$40,338.60** |

## VI.    Recommendation

The Magistrate Judge recommends that default judgment be entered against Defendant 5 Starr Service and Construction, LLC, in favor of Plaintiffs in the amount of $40,338.60, plus

post-judgment interest on delinquent contributions accruing at the applicable rate from March 18, 2015, until full payment is made. The Magistrate Judge also recommends that Plaintiffs be awarded injunctive relief as described above.

## VII.   Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to Defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

June 10, 2015
Alexandria, Virginia